Ex parte Jesús Díaz Mass, Petitioner; Antonio Frontera Ramos et al., Interveners and Appellants.

No. 9172.   Argued December 12, 1945.—Decided February 13, 1946.

*Pedro E. Anglade* for appellants.   *Agustín E. Font* for testamentary executor.   *L. Mercader* for former judicial administrator.   *Pedro Santos Borges, Antonio Reyes Delgado, Diego E. Ramos,* and *José D. Rodríguez,* for other interested parties.

Mr. Justice Snyder delivered the opinion of the court.

This is an appeal from an order of the district court of Arecibo denying a motion of the appellants for intervention in the judicial administration of the estates of a husband and wife. The motion for intervention alleged that the petitioners had filed an amended complaint in the District Court of Ponce against the heirs of the decedents and another person asking for (1) the nullity of a summary mortgage foreclosure proceeding on certain lands, (2) the delivery of the said lands, located in the district of Ponce, to the plaintiffs, and (3) the

fruits of the said lands, allegedly amounting to $95,000, costs and attorney's fees. The prayer of the motion for intervention was that the District Court of Arecibo withold from distribution to the heirs property or money in an amount sufficient to satisfy their claim for fruits in the Ponce suit.

██ In a *per curiam* opinion we have already held, in refusing a motion to dismiss this appeal, that the order of the district court denying the motion to intervene is appealable. *Rivera* v. *Rivera*, 56 P.R.R. 195. On the merits, the appellants rest their case on Rule 24(*a*) of our Rules of Civil Procedure that anyone shall be permitted to intervene in an action as of right "when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof." [1]

Rule 24(*a*) (3), which was copied from the Federal Rules of Civil Procedure, alhtough somewhat broader in its language than § 72 of the Code of Civil Procedure, is substantially similar to § 72, at least for the purposes of the problem before us.[2] 2 Moore's Federal Practice, § 24.08, pp. 2338–50; Proceedings, Washington Institute on Federal Rules, p. 67.

This court has been liberal in construing § 72, holding for example that in the event of attachment of property to secure the effectiveness of a judgment, a third party may intervene to claim the property, despite the fact that the adequate remedy of a *tercería* proceeding also exists under such circumstances. *Vélez* v. *Municipal Court, ante,* p.___, and cases cited therein; *Reyes & Pagán* v. *District Court,* 52 P.R.R. 633. But even in those cases the intervener has an interest in the very matter in litigation: the property under attachment.

On the other hand, in the instant cases the interveners have no interest in the judicial administration as such. They

[1] We assume, without deciding, that in a judicial administration proceeding filed pursuant to the Law of Special Legal Proceedings, §§ 534–597 Code of Civil Procedure, 1933 ed., the right to intervene is governed by Rule 24(*a*)(3).

[2] Section 72 reads in part as follows: "Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both."

hope eventually to obtain a personal judgment for fruits against the heirs on a claim made in the Ponce suit which has no relation to the problems of distributing the estates of the decedents to the heirs. They stand neiher to lose nor to gain from any action taken by the District Court of Arecibo in the judicial administration proceeding. Under those circumstances, they do not meet the test of § 72 and Rule 24(*a*) (3). *Lessesne, etc.* v. *P.R. Drug Co.,* 39 P.R.R. 852; *A. Méndez & Bro.* v. *Chavier,* 39 P.R.R. 661; *Bechtel* v. *Axelrod,* 125 P.(2) 836 (Calif. 1942); 20 Calif. Jur. § 25, pp. 520–22.[3]

We make no comment on whether the appellants may obtain from the Ponce district court an order of attachment after posting a bond therefor and pursuant thereto attach, *with the permission of the District Court of Arecibo,* the interest of the heirs in the money and property which, being in the hands of the judicial administrator, are in *custodia legis.* We hold only that the district court did not err in refusing the appellants permission to intervene in the judicial administration proceeding as such under the circumstances herein.

The order of the district court will be affirmed.

---

[3] While it is not precisely in point, we held recently in an analogous situation that ''It is a firmly established doctrine, under the decisions of this court, that the plaintiff in a filiation suit which is still pending has no right or the necessary capacity to apply for the administration of the estate, nor to be cited *or to intervene in the administration proceedings* until the filiation suit has been finally decided in his favor.'' *Heirs of De Jesús* v. *District Court, ante,* pp. 1–3. (Italics ours.)